UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DANIEL BRASHEAR and TONY HALCOMB, on Behalf of Themselves and All Others Similarly Situated, | ) ) ) | |
| | ) | Civil Action No. 6: 06-143-DCR |
| Plaintiffs, | ) ) | |
| V. | ) ) | **MEMORANDUM OPINION** |
| PERRY COUNTY, KENTUCKY and TAMMIE WALLS, | ) ) ) | **AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Plaintiffs' motion for class certification. [Record No. 7] Because the Plaintiffs' proposed class is overly broad and fails to satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, their motion will be denied.

## I.    BACKGROUND

The present lawsuit was commenced on April 4, 2006, by two current or former inmates of the Perry County Detention Center. The main thrust of the Plaintiffs' complaint is that Perry County violated their constitutional rights by detaining them in overcrowded cells. Through the Complaint, the Plaintiffs assert claims under 42 U.S.C. § 1983 for alleged violations of their constitutional rights and violations of Kentucky state law.

The Complaint alleges that the Perry County Detention Center was designed to hold 135 inmates but the population has recently been as high as 280 persons. As a result, the Plaintiffs

allege that inmates have been sleeping on the floor with no mats and no blankets.  In addition, the Plaintiffs assert that, because of the over-crowding in the cells, "[f]ights are frequent occurrences." [Record No. 1, Complaint, p. 5]

On June 22, 2006, the Plaintiffs filed a motion for class certification.  The named Plaintiffs purport to represent a class of similarly-situated individuals who "currently are . . . have been . . . or will be incarcerated in the future at the Perry County Detention Center." [Record No. 1, p. 1]  Specifically, the Plaintiffs seek to include the following persons in the class:

> All persons incarcerated in the Perry County Detention Center within one year of the date of the filing of this action, all persons presently incarcerated, and all person (sic) incarcerated in the Perry County Jail in the future.

[Record No. 7, p. 1]

In response, the Defendants argue that the Plaintiffs' proposed class definition is too broad and, therefore, should not be accepted by the Court.  In addition, the Defendants assert that the Plaintiffs cannot meet the numerosity, commonality, typicality, or adequacy of representation requirements of Rule 23(a).  According to the Defendants, because the Plaintiffs cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Court should deny the motion for class certification.

## II.      LEGAL ANALYSIS

### A.      The Standard for Determining the Maintainability of a Class Action

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for maintaining a class action.  For the Court to certify a class, the Plaintiffs proposed class must satisfy all four of the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  If each of these four prerequisites is established, then the Plaintiffs must show that the class may be maintained under one of the theories available under Rule 23(b).

A party seeking to certify a class bears the burden of establishing that certification is proper.  *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  A class action may not be approved simply "by virtue of its designation as such in the pleadings."  *Id.*  Nor may prospective class representatives simply rely upon "mere repetition of the language of Rule 23(a)" to support their motion.  *Id.*  Instead, an adequate basis for *each* prerequisite must be pled and supported by the facts.  *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974).  Additionally, the court must engage in a "rigorous analysis" to determine whether the prerequisites of Rule 23 are satisfied.  *American Medical*, 75 F.3d at 1078-79 (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

### B.      Class Definition

"Before engaging in the 'rigorous analysis' required by Rule 23, the Court must first consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class."  *See Chaz Concrete Co., LLC v. Codell*, 2006 WL 2453302 (E.D. Ky.

August 23, 2006) (citing *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004)).  Although Rule 23 does not explicitly identify these requirements, one necessary element is that there must be a "class." 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1760 (3rd ed. 2006).  Important elements of defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner.  *Id.*

While the identities of the class members do no need to be specified for certification, the proposed class must be sufficiently definite in order to demonstrate that a class actually exists. "The class definition identifies the persons who are entitled to relief, bound by final judgment, and entitled to notice under Rule 23(b)(3)." *Id.* (citing *Rodriguez v. Gates*, 2002 WL 1162675, at *9 (C.D. Cal. May 30, 2002)).  Where extensive factual inquires are required to determine whether individuals are members of a proposed class, class certification is likely improper. *Snow v. Atofina Chemicals, Inc.*, 2006 WL 1008002, at *8-9 (E.D. Mich. March 31, 2006).  Moreover, "[a] proposed class my be deemed overly broad if it 'would include members who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm.'" *Chaz*, at *6 (citing *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001)).

In the instant case, the Plaintiffs have defined the proposed class as:

> All persons incarcerated in the Perry County Detention Center within one year of the date of the filing of this action, all persons presently incarcerated, and all person (sic) incarcerated in the Perry County Jail in the future.

[Record No. 7, p.1]  According to the Defendants, the Plaintiffs' proposed class definition is overly broad.  Specifically, the Defendants contend that there is no proof that every person incarcerated during the time frame set forth by the Plaintiffs was subjected to overcrowded conditions.  In addition, the Defendants argue that even if a person was incarcerated in an overcrowded cell at the Perry County Detention Center, he or she would not necessarily be entitled to recover damages.

Overcrowding in a prison setting is not itself a violation of the constitution.  *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *see also Owens v. Campbell*, 198 F.3d 246 (6th Cir. 1999).  While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities.  *See Rhodes*, 452 U.S. at 348; *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  To allege a constitutional violation, each class member must allege and present evidence that he was denied basic human needs such as food, warmth, or sanitation, or was otherwise subjected to cruel and unusual punishment by virtue of the alleged overcrowded conditions to justify monetary relief.  *See Wilson v. Seiter*, 501 U .S. 294, 298 (1991); *Rhodes*, 452 U.S. at 348.  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.  For example, "[s]hort term deprivations of toilet paper, towels, sheets, blankets, mattresses toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."  *Ramos v. Lamm*, 639 F.2d 559, 685.

The Plaintiffs' purported class includes all present inmates incarcerated within one year of the statute of limitations and all future inmates detained in the Perry County Detention Center. The Plaintiffs have not offered any evidence, however, that all of the putative class members have suffered any specific harm.  While the Plaintiffs contend that these individuals were detained at an overcrowded facility, they have not alleged that all of these purported class member have been denied basic human needs such as food, warmth, or sanitation.  If the Court were to certify a class based on the Plaintiffs' proposed class definition, it would be required to analyze the circumstances surrounding each Plaintiff's claim in order to determine if the potential class member was subjected to unconstitutional overcrowding conditions.  In other words, this Court would have to determine:  (1) whether each class member was actually in a cell that was overcrowded; and (2) whether each class member was subjected to deprivations of essential food, medical care, or sanitation or other intolerable conditions as a result of the overcrowding.  *See e.g., Rhodes*, 452 U.S. at 348.

The difficulties inherent in identifying membership in the Plaintiffs' proposed class present serious administrative burdens that are inconsistent with the efficiencies expected in a class action.  Many of the benefits that are the hallmark of a proper class action would be lost if this Court were required to make individual factual inquires in order to determine the members of the proposed class.  *See Sanneman v. Chrysler Corp.*, 191 F.R.D. 441 (E.D. Pa. 2000) (certification denied where determining class membership "would essentially require a mini-hearing on the merits" of each proposed class member's case); *Luedke v. Delta Airlines*, 155 B.R. 327, 332 (S.D.N.Y. 1993) (certification denied because it would require "an unmanageable

number of individualized, somewhat subjective determinations of the validity" of the potential claims). Inasmuch as it would be impossible to definitely identify class members prior to individualized fact-finding and litigation, the Court finds that the Plaintiffs' have failed to concisely define a class.

Where named plaintiffs fail to define the class adequately, the court need not proceed to a full Rule 23 analysis. *See Edwards v. McCormick*, 196 F.R.D. 487 (S.D. Ohio 2000). Plaintiffs' failure to establish an adequately defined class alone is a basis on which this Court cold deny certification. Nevertheless, the Court will proceed to examine application of Rule 23(a) to determine if there is any merit to the Plaintiffs' class allegations.

### C.  Rule 23(a) Requirements

Rule 23(a) governs the prerequisites for certifying a class action. Specifically, it provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Each of these elements will be examined in turn.

### 1.  Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder all members is impracticable." Fed. R. Civ. P. 23(a)(1). This rule is often referred to as the numerosity requirement. 7A Charles Alan Wright & Arthus R. Miller, Federal Practice and Procedure §1762 (3d. ed. 2006). A proposed class meets the numerosity requirement by demonstrating the

impracticality, not the impossibility, of joinder. *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 660 (E.D. Mich. 1995). "Impracticability" depends upon all the circumstances of the case. *Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970). No specific minimum number of alleged class members is necessary. Instead, the appropriate inquiry is whether plaintiffs have sufficiently demonstrated the existence of the numbers of persons they purport to represent. *Young v. Trailwood Lakes, Inc.*, 61 F.R.D. 666 (E.D. Ky. 1974); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). In making this determination the Court may consider "reasonable inferences drawn from facts before it." *Senter v. General Motors Corp.*, 532 F.2d 511, 523 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976). In reviewing this issue, the Court cannot rely on speculation or conclusory allegations of the proposed representatives. Instead, the Plaintiffs must "show some evidence of or reasonably estimate the number of class members." *Schwartz v. Upper Deck* Co., 183 F.R.D. 672 (S.D. Ca. 1999); *Sims v. Parke Davis & Co.*, 334 F. Supp. 774, 781 (E.D. Mich. 1971) ("Speculation cannot be used to establish that a prospective class is so numerous as to make joinder impracticable.")

As previously discussed, the problem with the class as defined by the Plaintiffs is that it requires the Court to make individual factual inquiries in order to determine the members of the proposed class. Because the Plaintiffs have offered no evidence regarding the number of inmates who have actually been denied basic human needs such as food, warmth, sanitation, or have otherwise been subjected to cruel and unusual punishment by virtue of the alleged overcrowded conditions, the Court has no information by which it can evaluate the number of proper class members.

In attempting to meet the numerosity requirement, the Plaintiffs stated in their brief that the Perry County Detention Center has held as many as 280 inmates.  However, as previously discussed, the mere fact that a person was lodged in the Perry County Detention Center does not automatically entitle that person to participate in this proposed class.  The Plaintiffs must provide evidence of the number of inmates that have been denied basic necessities, such as food, warmth and sanitation.  For these reasons, the Court finds that the Plaintiffs have failed to meet the numerosity requirement.

### 2.    Commonality

Rule 23(a)(2) states that, in order for a class to be certified, there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  This is because, where there are common questions of law or fact, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (citation omitted).

The Sixth Circuit has held that in order to satisfy the commonality requirement "there need only be a single issue common to all members of the class." *American Medical*, 75 F.3d at 1080.  However, the existence of any common question is insufficient because "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What is necessary is a common issue the resolution of which will advance the litigation." *Sprague v. General Motors*, 133 F.3d 388, 397 (6th Cir. 1998).

The Plaintiffs allege that the commonality requirement has been satisfied inasmuch as the their causes of action relate to a "common course of conduct, and a common condition: jail

overcrowding." [Record No. 7, p. 6]   However, the mere fact that all of the Plaintiffs' claims relate to jail overcrowding does not demonstrates that there is commonality among the class members.  As noted above, the intense factual nature of the Plaintiffs' claims prevent the Court from being able to resolve the case without an extensive inquiry into the situation of each Plaintiff.  Here, the Court would be required to examine each Plaintiff's situation and determine whether he or she has shown through objective facts that the effects of overcrowding caused him or her "deprivations" of basic human needs such as food, warmth, or sanitation.

It is also notable that the Plaintiffs' proposed class does not further the purpose of the commonality requirement in providing a means for saving resources for both the court and the parties and in resolving issues in an economical fashion.  *American Medical Sys. Inc.*, 75 F.3d at 1080.  In the instant case, the Court would be required to examine the actual conditions of confinement faced by each Plaintiff and determine whether those conditions constitute cruel and unusual punishment.  The different circumstances of each Plaintiff might warrant different damages or different outcomes.  Thus, it would likely be more difficult for the Court to resolve the Plaintiffs' claims in a class action.

### 3.      Typicality

Subsection (a)(3) requires that the claims of the representatives be typical of the claims of the class.  Fed. R. Civ. Pro. 23(a)(3); 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1764 (3d. ed. 2006).  In conducting this analysis, the Court must determine "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct."  Newberg and Conte, § 3.13, at 3-75, 76.  "The premise of the typicality

-10-

requirement is simply stated:  as goes the claims of the named plaintiff, so go the claims of the

class." *Sprague*, 133 F.3d at 399.  The representatives' interests must be aligned with those of

the putative class and the pursuit of their claims must also advance the interest of the class.

*American Medical*, 75 F.3d at 1082.

> The Sixth Circuit describes the purpose of the typicality requirement as follows:
>
> Typicality determines whether a sufficient relationship exists between the injury
> to the named plaintiff and the conduct affecting the class, so that the court may
> properly attribute a collective nature to the challenged conduct . . .  Thus a
> plaintiff's claim is typical if it arises from the same event or practice or course of
> conduct that gives rise to the claims of other class members, and if his or her
> claims are based on the same legal theory.

*American Medical*, 75 F.3d at 1082.  Typicality is required so that the class representative may

"advance the interest of the entire class."  "Under the commonality prong, a court must ask

whether there are sufficient factual or legal questions in common among the class members'

claims to make class certification economical and otherwise appropriate.  In contrast, under the

typicality prong, a court must ask whether, despite the presence of common questions, each class

member's claim involves so many distinct factual or legal questions as to make class certification

inappropriate."  In other words, commonality focuses on similarities, while typicality focuses

on differences.  *See Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 158, 59 (E.D. Mich.

2002) (citing *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 597-98 (E.D. Mich. 1996).

In this case, the typicality requirement fails for reasons similar to those discussed with

respect to the commonality requirement.  That is, the near certainty that important factual

difference will arise between various class members prevents this Court from concluding that

the named Plaintiffs claims are typical of those of the class.

-11-

### 4.      Adequacy of Representation

Subsection (a)(4) permits a class to be maintained only if "the representative parties will fairly and adequately protect the interests of the class." The Sixth Circuit has adopted a two-part analysis for this requirement. *Senter v. General Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976) (citing *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th Cir. 1973). This test requires that the representatives: (1) have common interests with unnamed members of the class; and (2) will vigorously prosecute the interests of the class though qualified counsel. *See Senter*, 532 F.2d at 524-35; *see also Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026 (6th Cir. 1977) (The rule tests "whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent" and "the experience of the counsel for the plaintiffs.") Additionally, the second element requires that attorneys for the class must be qualified to conduct the proposed litigation." *See Cross*, 553 F.2d at 1031. These determinations are questions of fact and are dependent upon the circumstances of each case. Further, the party seeking certification has the burden of proof on these issues. *See* Wright and Miller, § 1765.

The first part of this requirement (*i.e.*, that the named plaintiffs have common interests with other unnamed plaintiffs) has been addressed in the previous section of this memorandum opinion. And while the Court would normally engage in a thorough and exhaustive analysis of the second element, having already concluded that plaintiffs do not qualify for class certification, the Court need not parse whether Plaintiffs' counsel has sufficient experience.

### III.      CONCLUSION

The Plaintiffs have failed to define the class adequately. In addition, the Plaintiff have not met their burden of establishing the inherent elements and the subsection (a) prerequisites

-12-

of a class action under Rule 23 of the Federal Rules of Civil Procedure.  Given this failure, it is

unnecessary to engage in an analysis under Rule 23(b).  Accordingly, for the reasons discussed

above, it is hereby

      **ORDERED** the Plaintiffs' Motion for Class Certification [Record No. 7] is **DENIED**.

This 20th day of October, 2006.

Signed By:

_Danny C. Reeves_   DCR

United States District Judge