UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DANIEL BRASHEAR and TONY HALCOMB, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-143-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PERRY COUNTY, KENTUCKY and TAMMIE WALLS, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending consideration of the Plaintiffs' Renewed Motion for Class Certification [Record No. 27] and Renewed Motion for Leave to File an Amended Complaint [Record No. 37] and the Defendants' Motion to Supplement the Response to the Motion for Class Certification or, in the alternative, Motion for Summary Judgment. [Record No. 35]  For the reasons discussed below, the Court will deny all pending motions.

I.      BACKGROUND

This action was filed on April 4, 2006, by two current or former inmates of the Perry County Detention Center.  In the Complaint, the Plaintiffs assert claims under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution.  They also allege violations of Kentucky state law.  The main thrust of the Plaintiffs' Complaint is that Perry County detained them in overcrowded cells.

-1-

On June 22, 2006, the Plaintiffs filed a motion for class certification.  The named Plaintiffs purported to represent a class of similarly-situated individuals who "currently are . . . have been . . . or will be incarcerated in the future at the Perry County Detention Center." [Record No. 1, p. 1]  Specifically, the Plaintiffs sought to include the following persons in the class:

> All persons incarcerated in the Perry County Detention Center within one year of the date of the filing of this action, all persons presently incarcerated, and all person (sic) incarcerated in the Perry County Jail in the future.

[Record No. 7, p. 1]

On October 23, 2006, the Court denied the Plaintiffs' initial motion for class certification, concluding that the proposed class definition was too broad and failed to satisfy the numerosity, commonality, typicality, or adequacy of representation requirements of Rule 23(a) of the Federal Rules of Civil Procedure.  Unhappy with the Court's ruling, the Plaintiffs filed a motion to amend the complaint and a second motion for class certification.  However, they subsequently moved the Court to assign this matter to mediation.  The Court granted the request and denied, without prejudice, the motion to amend the complaint and second motion for class certification. After mediation was unsuccessful, the Plaintiffs renewed the second motion for class certification and motion for leave to amend the complaint.

On April 30, 2007, the Court conducted a hearing on the Plaintiffs' pending motion for class certification and motion for leave to amend the complaint and the Defendants' motion for summary judgment.  These motions are now ripe for review by the Court.

## II.      LEGAL ANALYSIS

### A.      RENEWED MOTION FOR CLASS CERTIFICATION

#### 1.      The Standard for Determining the Maintainability of a Class Action

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for maintaining a class action.  For the Court to certify a class, the proposed class must satisfy all four of the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  If each of these four prerequisites is established, then the Plaintiffs must show that the class may be maintained under one of the theories available under Rule 23(b).

A party seeking to certify a class bears the burden of establishing that certification is proper.  *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  A class action may not be approved simply "by virtue of its designation as such in the pleadings" nor may prospective class representatives simply rely upon "mere repetition of the language of Rule 23(a)" to support their motion.  *Id.*  Instead, an adequate basis for *each* prerequisite must be pled and supported by the facts.  *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974).  Additionally, the court must engage in a rigorous analysis to determine whether the prerequisites of Rule 23 are satisfied.  *American Medical*, 75 F.3d at 1078-79 (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

#### 2.      Class Definition

"Before engaging in the 'rigorous analysis' required by Rule 23, the Court must first consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class."  *See Chaz Concrete Co., LLC v. Codell*, 2006 WL 2453302 (E.D. Ky.

August 23, 2006) (citing *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 477 (S.D. Ohio 2004)).  Although Rule 23 does not explicitly identify these requirements, one necessary element is that there must be a "class." 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1760 (3rd ed. 2006).  Important elements of defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner.  *Id.*

While the identities of the class members do no need to be specified for certification, the proposed class must be sufficiently definite in order to demonstrate that a class actually exists. "The class definition identifies the persons who are entitled to relief, bound by final judgment, and entitled to notice under Rule 23(b)(3)." *Id.* (citing *Rodriguez v. Gates*, 2002 WL 1162675, at *9 (C.D. Cal. May 30, 2002)).  Where extensive factual inquires are required to determine whether individuals are members of a proposed class, class certification is likely improper. *Snow v. Atofina Chemicals, Inc.*, 2006 WL 1008002, at *8-9 (E.D. Mich. March 31, 2006).  Moreover, "[a] proposed class my be deemed overly broad if it 'would include members who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm.'" *Chaz*, at *6 (citing *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001)).

In the Amended Complaint, the Plaintiffs seek to redefine the class as follows:

All persons who have been incarcerated in the Perry County Jail from April 4, 2005, to the present in cells 135, 136, 137, 148, 149, 173, 175, 176, 181, 183 and 184 wherein the cell count was 50% above the design capacity, and wherein the class member was incarcerated in one of the above cells at that population level for seven or more days.

-4-

Initially, the Court notes that the Plaintiffs' new class definition suffers from many of the same problems as the initial proposed class definition.[1]  As noted in the Court's prior opinion:

> Overcrowding in a prison setting is not itself a violation of the constitution.  *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *see also Owens v. Campbell*, 198 F.3d 246 (6th Cir. 1999).  While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities.  *See Rhodes*, 452 U.S. at 348; *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  In order to allege a constitutional violation, each class member must allege and present evidence that he was denied basic human needs such as food, warmth, or sanitation, or was otherwise subjected to cruel and unusual punishment by virtue of the alleged overcrowded conditions to justify monetary relief.  *See Wilson v. Seiter*, 501 U .S. 294, 298 (1991); *Rhodes*, 452 U.S. at 348.  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.  For example, "[s]hort term deprivations of toilet paper, towels, sheets, blankets, mattresses toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."  *Ramos v. Lamm*, 639 F.2d 559, 685.

[Record No. 13]

While the proposed class identifies individuals that were detained in overcrowded cells, it does not identify persons that have suffered from an unconstitutional condition, such as lack of food, warmth or sanitation, as a result of the overcrowding.  In particular, the proposed class definition fails to identify those individuals that are entitled to relief and would be bound by a final judgment in the case inasmuch as factual inquiries are required to determine whether an individual is a class member.  If the Court were to certify a class based on the Plaintiffs' proposed class definition, it would be required to analyze the circumstances surrounding each

---

[1]     Many of the inadequacies that existed regarding the Plaintiffs' initial proposed class still exist with respect to the amended class definition.  Although duplicative, for the sake of completeness, the Court has again examined all of the relevant factors in determining whether class certification is proper.

potential plaintiff's incarceration to determine if he/she was subjected to *unconstitutional* overcrowding conditions.[2]

Many of the benefits that are the hallmark of a proper class action would be lost of the Court were to certify a class based on the Plaintiffs' proposed class definition. The fact that a former or current inmate was in the Perry County Jail at the time that it was over 50% capacity does not demonstrate that a particular individual was subjected to an intolerable, unconstitutional condition. To make that determination, the Court would be required to make individual factual inquiries into the circumstances surrounding each inmates' incarceration. The difficulties inherent in identifying membership in the Plaintiffs' proposed class present administrative burdens that are inconsistent with the efficiencies expected in a class action. *See Sanneman v. Chrysler Corp.*, 191 F.R.D. 441 (E.D. Pa. 2000) (certification denied where determining class

---

[2]      The Defendants argue that one of the factual determinations that this Court would be required to make is whether each individual plaintiff exhausted his/her administrative remedies. The Plaintiffs disagree stating that, because the named Plaintiffs have exhausted the grievance procedures, the Prison Litigation Reform Act's exhaustion requirement has been satisfied for the class.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. (2001). As a general matter, the exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998).

In support of their position that only the representative Plaintiffs must exhaust their administrative remedies, the Plaintiffs have cited four cases from other circuits. They have indicated that they unaware of any authority from this circuit or any other controlling authority which requires that only the named plaintiffs are subjected to the exhaustion requirements. It is also notable that the Plaintiffs acknowledge that Christopher Caudill, who they seek to add as a named plaintiff through the Amended Complaint, has not exhausted his administrative remedies.

While the issue of exhaustion is not dispositive in this case, it is another reason that certification of the Plaintiffs' proposed class is not proper.

membership "would essentially require a mini-hearing on the merits" of each proposed class member's case); *Luedke v. Delta Airlines*, 155 B.R. 327, 332 (S.D.N.Y. 1993) (certification denied because it would require "an unmanageable number of individualized, somewhat subjective determinations of the validity" of the potential claims). Inasmuch as it would be impossible to definitely identify class members prior to individualized fact-finding and litigation, the Court finds that the Plaintiffs' have failed to concisely define a class.

### 3.      Rule 23(a) Requirements

Rule 23(a) governs the prerequisites for certifying a class action. Specifically, it provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Each of these elements will be examined in turn.

### a.      Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This rule is often referred to as the numerosity requirement. 7A Charles Alan Wright & Arthus R. Miller, Federal Practice and Procedure §1762 (3d. ed. 2006). A proposed class meets the numerosity requirement by demonstrating the impracticality, not the impossibility, of joinder. *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 660 (E.D. Mich. 1995). "Impracticability" depends upon all the circumstances of the case. *Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970). No specific minimum number of

-7-

alleged class members is necessary. Instead, the appropriate inquiry is whether plaintiffs have sufficiently demonstrated the existence of the numbers of persons they purport to represent. *Young v. Trailwood Lakes, Inc.*, 61 F.R.D. 666 (E.D. Ky. 1974); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). In making this determination the Court may consider "reasonable inferences drawn from facts before it." *Senter v. General Motors Corp.*, 532 F.2d 511, 523 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976). In reviewing this issue, the Court cannot rely on speculation or the conclusory allegations of the proposed representatives. Instead, the Plaintiffs must "show some evidence of or reasonably estimate the number of class members." *Schwartz v. Upper Deck* Co., 183 F.R.D. 672 (S.D. Ca. 1999); *Sims v. Parke Davis & Co.*, 334 F. Supp. 774, 781 (E.D. Mich. 1971) ("Speculation cannot be used to establish that a prospective class is so numerous as to make joinder impracticable.")

The Plaintiffs argue that their re-defined class satisfies the numerosity requirement because it precisely identifies those individuals that are potential members of the class. While the Plaintiffs' proposed class seemingly identifies those individuals that were housed at the Perry County Jail during a specified time period (a time period that the Plaintiffs claim that the Jail was overcrowded), it does identify particular persons eligible to participate in the proposed class. However, the fact that an inmate was housed in an overcrowded jail is not in and of itself a violation of the Eighth Amendment and/or Fourteenth Amendments. Crowding may be viewed as cruel and unusual punishment only if it leads to "deprivations of essential food, medical care, or sanitation" or it is "increase[d] the violence amount inmates or create[d] other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Therefore, the Court concludes that the Plaintiffs have failed to meet the numerosity requirement.

-8-

### b.      Commonality

Rule 23(a)(2) states that, in order for a class to be certified, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Where there are common questions of law or fact, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (citation omitted).

The Sixth Circuit has held that in order to satisfy the commonality requirement "there need only be a single issue common to all members of the class." *American Medical*, 75 F.3d at 1080. However, the existence of any common question is insufficient because "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What is necessary is a common issue the resolution of which will advance the litigation." *Sprague v. General Motors*, 133 F.3d 388, 397 (6th Cir. 1998).

Here, the Plaintiffs have presented a common question of law, *i.e.*, whether certain inmates housed at the Perry County Jail suffered from an unconstitutional condition. However, to resolve this issue, the Court will be required to examine a number of factual issues that will differ depending on the nature of the particular Plaintiffs' claims. These individualized issues will predominate at trial and, therefore, the Court cannot conclude that the purpose of the commonality requirement in providing a means for saving resources for both the Court and the parties in resolving issues in an economical fashion will be satisfied in this case. *American Medical Sys. Inc.*, 75 F.3d at 1080.

As previously noted, if the Plaintiffs' class were certified, the Court, during trial, would be required to examine the actual conditions of confinement faced by each Plaintiff and determine whether those conditions constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments.   Moreover, at the April 30, 2007, hearing, the Defendants represented that they will likely have individualized defenses to each of the Plaintiff's claims, depending on the alleged constitutional deprivation.   Given that the different circumstances of each Plaintiff might warrant different outcomes or different damages, the Court concludes that class litigation is not the superior method for resolving these potential claims.

### c.   Typicality

Rule 23(a)(3) requires that the claims of the representatives be typical of the claims of the class.   Fed. R. Civ. Pro. 23(a)(3); 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1764 (3d. ed. 2006).   In conducting this analysis, the Court must determine "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct."   Newberg and Conte, § 3.13, at 3-75, 76.   "The premise of the typicality requirement is simply stated:   as goes the claims of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399.   The representatives' interests must be aligned with those of the putative class and the pursuit of their claims must also advance the interest of the class. *American Medical*, 75 F.3d at 1082.

The Sixth Circuit describes the purpose of the typicality requirement as follows:

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. . . .   Thus a

-10-

> plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

*American Medical*, 75 F.3d at 1082.  Typicality is required so that the class representative may "advance the interest of the entire class."  "Under the commonality prong, a court must ask whether there are sufficient factual or legal questions in common among the class members' claims to make class certification economical and otherwise appropriate.  In contrast, under the typicality prong, a court must ask whether, despite the presence of common questions, each class member's claim involves so many distinct factual or legal questions as to make class certification inappropriate."  In other words, commonality focuses on similarities, while typicality focuses on differences.  *See Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 158, 59 (E.D. Mich. 2002) (citing *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 597-98 (E.D. Mich. 1996).

In the present case, the typicality requirement fails for reasons similar to those discussed with respect to the commonality requirement.  That is, the near certainty that important factual differences will arise between various class members prevents this Court from concluding that the named Plaintiffs claims are typical of those of the class.

### d.    Adequacy of Representation

Rule 23(a)(4) sets forth the "adequacy of representation" requirement and provides, in relevant part, that a class may be maintained only if "the representative parties will fairly and adequately protect the interests of the class."  The adequacy of representation requirement relates to both the Plaintiffs' class representatives and their counsel.  The Sixth Circuit has adopted a two-part analysis for the adequacy of representation requirement.  *Senter v. General Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976) (citing *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th

Cir. 1973). This test requires that the representatives: (1) have common interests with unnamed members of the class; and (2) will vigorously prosecute the interests of the class through qualified counsel. *See Senter*, 532 F.2d at 524-35; *see also Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026 (6th Cir. 1977) (The rule tests "whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent" and "the experience of the counsel for the plaintiffs.") Additionally, the second element requires that attorneys for the class must be qualified to conduct the proposed litigation." *See Cross*, 553 F.2d at 1031. These determinations are questions of fact and are dependent upon the circumstances of each case. Further, the party seeking certification has the burden of proof on these issues. *See* Wright and Miller, § 1765.

The Court has thoroughly discussed that there is a lack of common interest between the named Plaintiffs and the other potential unnamed Plaintiffs. The facts and circumstances surrounding each potential Plaintiffs' incarceration are unique. Therefore, it would be impossible for the named Plaintiffs to adequately represent the interests of all the unnamed Plaintiffs. While a jury *may* determine that the representative Plaintiffs suffered from constitutional violations caused by overcrowding at the jail, it is also possible that a jury could find that the named Plaintiffs were not subjected to unconstitutional deprivations of basic human needs. In that case, the various unnamed Plaintiffs would be prejudiced by an unfavorable outcome in this litigation. Since the class members will be bound by the decision as to the named Plaintiffs, the unique defenses applicable to each person renders the Plaintiffs (or any Plaintiff) inadequate for purposes of protecting the interests of the class.

With respect to whether Plaintiffs' counsel is qualified to represent the class, the Court notes that at the April 30, 2007, hearing, counsel noted that he has extensive experience in prison overcrowding cases and indicated that has represented various Plaintiffs in class action lawsuits. Thus, he stated that he is qualified to represent the proposed class this jail overcrowding class action. While counsel may have extensive experience is this area of litigation, the Court cannot conclude, based on the lack of common interests among the named and potentially unnamed Plaintiffs, that the adequacy of representation requirement is satisfied in this case.

Because the Plaintiffs' proposed class is overly broad and fails to satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, the motion for class certification will be denied.

## B.    MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Plaintiffs have asserted that the reason for seeking an amendment to the Complaint was to cure the deficiencies of the class definition set forth in the initial Complaint. Because the deficiencies have not been cured by the class definition in the Amended Complaint, the Plaintiffs' motion for leave to file an amended complaint will be denied.

## C.    MOTION FOR SUMMARY JUDGMENT

On April 3, 2007, the Defendants filed a motion to supplement the response to the motion for class certification or, in the alternative, motion for summary judgment. In that motion, the Defendants claimed that the overcrowding issue at the Perry County Jail has been alleviated inasmuch as the Breathitt County inmates were moved from Perry County to the Lee County Jail. The Defendants noted that Perry County is a member of the Regional Jail and that, on March 1, 2007, Breathitt County voted not to become a member of the Kentucky River Regional Jail.

Therefore, Breathitt County was required to move their prisoners from the Perry County Jail. In their motion, the Defendants represented that, as of March 30, 2007, Perry County had only 141 inmates in its facility and the Department of Corrections' square footage regulations state that the facility can house up to 152 inmates. [See Record No. 35, Ex. A, Affidavit of Tim Kilburn] Therefore, because the overcrowding issue at the Jail no longer existed, the Defendants claimed that the issues in this case have become moot.

However, at the April 30, 2007, hearing, the Defendants represented that the number of inmates at the Perry County Jail had increased since the filing the summary judgment motion. In particular, the Defendants stated that, the number of inmates had increased to 176 and that the numbers were still in excess of the Department of Corrections' regulations. Despite the increase in the number of inmates, the Defendants indicated that they were not withdrawing their motion for summary judgment.

The Sixth Circuit addressed the issue of mootness in the context of changed circumstances in a recent unpublished opinion, *Hood v. Keller, et. al.*, 2007 WL 1028805, No. 04-4373 (April 2, 2007). In that case, James D. Hood, II, appealed the district court's order granting summary judgment to the Defendants. Hood alleged that the Defendants violated his First Amendment rights to freedom of speech and free exercise of religion by arresting him pursuant to Ohio state law for preaching and handing out religious literature without a permit on the grounds surrounding the Capitol. Hood sought declaratory and injunctive relief, compensatory damages, costs, and attorney's fees. The district court held that Hood's claims were rendered moot by a prior decision from the Sixth Circuit, *Parks v. Finan*, 385 F.3d 694 (6th Cir. 2004). On appeal, however, the Sixth Circuit concluded that, although the *Parks* decision

-14-

mooted Hood's claim for declaratory and injunctive relief, it did not moot his claims for damages and attorney's fees.

The Sixth Circuit also addressed the issue of mootness in an earlier decision, *Murray v. Board of Trustees, University of Louisville*, 659 F.2d 77 (6th Cir. 1981). In that case, the plaintiff filed suit under 42 U.S.C. § 1983 seeking injunctive relief, monetary damages and attorney's fees. The plaintiff claimed that he was unlawfully fired for allegedly expressing speech in his job as editor. The court held that:

> the District Judge was correct in dismissing on grounds of mootness that portion of the complaint which sought injunctive relief. But we do not feel his dismissal of the entire cause of action as moot was justified.
>
> In the present posture of this case, we do not consider it ripe for appellate decision and we therefore do not reach the District Judge's finding to constitutional violations under the First and Fourteenth Amendments. While we accept as not clearly erroneous his finding that plaintiff failed to prove actual damages, the Supreme Court's holding in *Carey v. Piphus*, 435 U.S. 247, 257 n.11 (1978), require remand for District Judge to consider in this § 1983 action plaintiff's claims for *nominal damages and attorney fees*.

*Id.* at 78-79 (emphasis added); *see also Owen of Ga., Inc. v. Shelby County*, 648 F.2d 1084, 1094 (6th Cir. 1981) (dismissing appeal on claim for injunctive relief as moot but remanding to the trial court for consideration of money damages); 13A Charles Alan Wright et al., Federal Practice & Procedure *Jurisdiction 2d*, 3533.3, at 262 ("Claims for damages or other monetary relief automatically avoid mootness . . .")

The Plaintiffs argue that the injunctive relief claim is not moot because the Defendants have not demonstrated that "there is no reasonable expectation that the wrong will be repeated." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). The Court agrees particularly in light of the Defendants'

-15-

representations at the hearing that the number of inmates had again increased and remained in excess of the Department of Corrections' regulation. Because the Defendants have not satisfied their burden of proof in establishing that "there is no reasonable expectation" that overcrowding at the Perry County Jail will occur in the future, the Court will deny the motion for summary judgment.

### III.   CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

1.      The Plaintiffs' Renewed Motion for Class Certification [Record No. 27] is **DENIED**;

2.      The Plaintiffs' Motion for Leave to File an Amended Complaint [Record No. 37] is **DENIED**; and

3.      The Defendants' Motion for Summary Judgment [Record No. 35] is **DENIED**.

This 14th day of May, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge